**Robert ANDERSON et al., and Charles and Kathleen Worthington, Intervenors,**

**v.**

**HOME STYLE STORES, INC., et al.**

**Civ. A. No. 71–201.**

United States District Court, E. D. Pennsylvania.

March 29, 1974.

See also, D.C., 58 F.R.D. 125.

Michael H. Malin, White & Williams, Philadelphia, Pa., for plaintiffs.

George P. O'Connell, Barbin & Lauffer, P.A., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

NEWCOMER, District Judge.

On April 30, 1973, this Court entered summary judgment on the issue of liability as to three of the above named plaintiffs, Robert Anderson and Joseph and Carol S. Lang, 358 F.Supp. 253. The Court found it undisputed that plaintiffs had entered into requirements

contracts with defendants as a condition of receiving defendants' guarantee of the loans that enabled plaintiffs to go into the delicatessen business. This conditioning of the financial guarantees on entry into the requirements contract constituted, we declared, the sort of tying arrangement which is prohibited by the antitrust laws, 15 U.S.C. § 1. As for the element of sufficient economic power over the tying product which must be shown before a tying arrangement can be considered a *per se* violation of the antitrust laws, Fortner Enterprises v. United States Steel, 394 U.S. 495, 89 S.Ct. 1252, 22 L.Ed.2d 495 (1969), the Court found that:

> "The conditions of the money market are such that the existence of takers of the credit-contract scheme is sufficient to show, ipso facto, a sufficiently advantageous market position to impose the total requirements contract as a condition of obtaining the capital to be in business at all."

Upon a re-examination of the *Fortner* case and of several of the lower court cases that have applied it, we conclude that our original entry of summary judgment in this matter was erroneous. Although summary judgment might be appropriate in light of *Fortner* under certain circumstances, we do not now feel that the fact that a few businesses accepted the tying arrangement is sufficient proof for summary judgment purposes that defendants possessed sufficient economic power over the tying product to impose the acceptance of the tied product as a condition of receiving the tying product.

ORDER

And now, to wit, this 29th day of March, 1974, the Order of this Court in the above captioned matter dated April 30, 1973, entering summary judgment on the issue of liability as to plaintiffs Robert Anderson, Carol S. Lang and Joseph Lang, is hereby vacated.

And it is so ordered.